IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID L. GIBSON, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | No. 06CV1696 RMU |
| UNITED STATES NAVY, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPPOSITION TO PLAINTIFFS'
MOTION FOR AN ORDER TRANSFERRING THIS CASE
TO THE NORTHERN DISTRICT OF FLORIDA**

<u>**Introduction**</u>

On August 17, 2006, Judge M. Casey Rodgers of the Northern District of Florida granted defendants' motion to transfer this action to this Court under 28 U.S.C. § 1404(a), because, under well-established Eleventh Circuit law, it is not in the interest of justice to permit the same plaintiff to litigate the same claim in two different forums simultaneously.  Plaintiffs now ask this Court to ignore fundamental law of the case principles, reverse Judge Rodgers' ruling and transfer this case back to the Northern District of Florida.   Because plaintiffs have not identified why Judge Rodgers' transfer order is "clearly erroneous and would work a manifest injustice," the standard for departure from law of the case in this context,  plaintiffs' motion should be denied.  See <u>Christianson v. Colt Industries</u>, 486 U.S. 800, 816-17 (1988); <u>see also</u>  <u>Hill v. Henderson</u>, 195 F.3d 671, 677 (D.C. Cir. 1999).

1

**ARGUMENT**

**Plaintiffs Have Not Identified Any Basis for Ignoring Law of the Case Principles, and Reversing Judge Rodgers' Decision to Transfer this Case to This District**

**1.      Law of the Case Principles in the Re-Transfer Context**

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983).  This principle applies equally to decisions of a coordinate court from which a case has been transferred, since "transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation."  Christianson, supra, 486 U.S. at 816.  Consequently, law of the case principles "apply with even greater force to transfer decisions than to decisions of substantive law."  Id.; see also Moses v. Business Card Express, 929 F.2d 1131 1137 (6th Cir. 1991).  See generally Moore Federal Practice 3d § 111.62 (2006).

Absent a showing of new facts or a change in the law, Chrysler Credit v. County Chrysler, 928 F.2d 1509, 1516 (10th Cir. 1991), the Supreme Court has set an exceptionally demanding standard for when a court can ignore the law of the case doctrine and reverse a coordinate court's ruling on transfer.  "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstances, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was' clearly erroneous and would work a manifest injustice.'"  Christianson, supra 486 U.S. at 817, quoting Arizona supra, 460 U.S. 618 (emphasis added).  Accord Hill, supra, 195 F.3d at 677; United States v. Diabetes Treatment Centers of America, 238 F.Supp 2d 258, 262 (D.D.C. 2002)

(reconsideration of law of the case only appropriate in unusual, extraordinary or exceptional circumstances to prevent a grave injustice).  Notably, reconsideration by the transferee court of the order of the transferor court is "far more deferential than direct appellate review."  Chrysler Credit v. County Chrysler, supra, 928 F.2d at 1518.

Thus, to prevail on their motion challenging Judge Rodgers' ruling, plaintiffs must establish two separate propositions.  First, they must demonstrate that Judge Rodgers' decision, applying Eleventh Circuit law to defendants' motion to transfer, was "clearly erroneous."  Second, plaintiffs must also demonstrate that transfer of the case to this Court has worked a "manifest injustice."   Plaintiffs fail to establish either proposition.

     2.     **Judge Rodgers' Decision Transferring This Case to This Court, Where Two Cases Presenting Nearly Identical Issues Had Been Pending For Six Years Was Entirely Correct and In the "Interest of Justice"**

Plaintiffs' Motion fails to even attempt to address the fundamental argument advanced by defendants in support of their motion to transfer and adopted by Judge Rodgers, i.e. that two different courts should not simultaneously decide the same claims between the same parties.   In that situation, the law in the Eleventh Circuit, which Judge Rodgers was required to apply, is that "[i]n the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case."   Merrill Lynch v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982).  Here, plaintiffs in this putative class action bring claims that are nearly identical to those pending in Chaplaincy of Full Gospel Churches, et al. v. Johnson (D.D.C. No. 99-2945) and Adair v. Danzig (D.D.C. No. 00-566), (a putative class action) (hereafter, jointly, "CFGC/Adair"), which cases have been pending in this Court for over six years.  Moreover, the putative class in this action is effectively identical to that in Adair.

3

As the Supreme Court recognized in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976), "[a]s between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." <u>Id</u>. At 817.  Nearly every court to consider the issue has reached the same conclusion, typically adopting a "first filed" rule, under which the second court in which the same claim is filed will transfer, stay or dismiss its action in deference to the first court to obtain jurisdiction.  <u>See</u> <u>Merrill Lynch v. Haydu</u>, <u>supra</u>, 675 F.2d at 1174; <u>see also</u> <u>TPM Holdings v. Intra-Gold Industries</u>, 91 F.3d 1, 4 (1st Cir. 1996); <u>Oliney v. Gardner</u>, 771 F.2d 856, 859 (5th Cir. 1985); <u>Allstate Insurance v. Clohessy</u>, 9 F.Supp 2d 1314, 1316 (M.D. Fla. 1998).

Moreover, the Supreme Court has counseled that in dealing with the "conduct of multiple litigation in the federal judicial system," courts should give "regard to conservation of judicial resources and comprehensive disposition of litigation." <u>Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.</u>, 342 U.S. 180, 183 (1952).  The Court recognized that "an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts," in resolving such issues.  <u>Id</u>. at 183-84.  Certainly, "the pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion for a change of venue," <u>Supco Automotive Parts v. Triangle Auto Spring Co.</u>, 538 F.Supp 1187, 1192 (E.D. Pa 1982).   This is especially true in the case of overlapping putative class actions.  Newberg on Class Actions, a leading treatise, notes that "[i]f a plaintiff has filed a class suit in which the putative class sought may be part of an already existing class in another district, the court, after determining that a conflict actually exists, may transfer the case for consolidation. . ." 3 <u>Newberg on Class Actions</u>, § 7.31, p. 89 (4th Ed. 2002) (citations omitted).

4

In light of these settled precedents, Judge Rodgers engaged in a reasonable exercise of her discretion in electing to transfer this case from the Northern District of Florida to this Court. After reviewing the various considerations relevant to transfer (such as the convenience of parties and witnesses), the Court concluded with this analysis of the most critical factors:

> Finally, and perhaps most importantly, the court finds that the dual interests of judicial efficiency and economy would be advanced through transfer to the D.C. district court.
>
> [fn. 2] The Court rejects plaintiffs' argument that transfer would be contrary to the interest of justice because prejudice would accrue to them from the application of D.C. Circuit law. As the Eleventh Circuit has held that it is appropriate for the transferee court to apply its own interpretation of federal law, see Murphy v. F.D.I.C., 208 F.3d 959, 964 (11th Cir. 2000), the court cannot conclude that unfair prejudice would result from the D.C. district court's proper application of the law of its circuit.
>
> As a final matter, the court notes its view that refusing to transfer this case to the D.C. district court would constitute condoning conduct by plaintiffs that is tantamount to impermissible forum shopping. Such action by the court clearly would not be a proper exercise of its discretion.

August 17, 2006 Order at 5-6 including n. 2 (This Order is Attachment A, hereto). Plaintiffs advance no basis on which this Court could conclude that Judge Rodgers abused her discretion in following Eleventh Circuit precedent (both on transfer of a nearly identical claim and on the irrelevance of potentially different substantive law in the D.C. Circuit). And, certainly, Judge Rodgers' decision in following Eleventh Circuit precedent, can hardly be characterized as "clearly erroneous."

    **3.**    **Plaintiffs Will Not Suffer a Manifest Injustice by Being Required to Litigate Their Claims in This Court**

        **A.**    **The D.C. District Court is a Forum Where Plaintiffs' Claims "Might Have Been Brought" for Purposes of § 1404(a)**

Plaintiffs' principal argument for transfer is that they anticipate having a better chance of success in the Eleventh Circuit than in this Circuit, Motion at 18-25, and that plaintiffs' counsel would be ill-advised to initiate this action in the Circuit with its allegedly unfavorable law, id. at 8-17.  From these two contentions, plaintiffs conclude that the claims will not be successful in this Circuit, and hence transfer to this Court from the Northern District of Florida is improper because this is not a forum "where it [i.e. this action] might have been brought," within the meaning of 28 U.S.C. § 1404(a).   Plaintiffs' entire argument is premised on a mis-reading of the "where it might have been brought" clause of section 1404(a).  Contrary to plaintiffs' view, section 1404(a) does not require the transferor court to analyze the likely result of plaintiffs' claim on the merits in the transferee court but, rather, only to determine how the threshold issues of subject matter jurisdiction, personal jurisdiction and venue will be resolved in the transferee forum.

This limitation on the "might have been brought" clause is implicit in the Supreme Court's discussion of transfer in Hoffman v. Blaski, 363 U.S. 335, (1960), where the Court identified the three factors to be considered as venue, jurisdiction over the person and subject matter jurisdiction, id. at 343.  See also Van Dusen v. Barrack, 376 U.S. 612, 621-22 (1964).  Subsequently, numerous courts and commentators have restated the proposition unambiguously.  "Thus, in order to prevail on a motion to transfer venue under § 1404(a), the moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would all have been

6

proper in the transferee district." <u>High River Limited Partnership v. Mylan Laboratories</u>, 353

F.Supp2d 487, 493 (M.D. Pa. 2005). <u>See also</u> <u>Cowen v. Ford Motor Co.</u>, 713 F.2d 100, 103, n. 4

(5th Cir. 1983) <u>Shutte v. Armco Steel Corp.</u>, 431 F.2d 22, 24 (3d Cir. 1970); <u>Farrell v. Wyatt</u>, 408

F.2d 662, 666 (2d Cir. 1969); <u>Bacik v. Peek</u>, 888 F.Supp. 1405, 1413 (N.D. Ohio 1993);

<u>Windmere Corp. v. Remington Products</u>, 617 F.Supp. 8 (S.D. Fla. 1985); 17 <u>Moore's Federal</u>

<u>Practice & Procedure</u> § 111.12[1][a] at p. 111-54 (3d  Ed. 2006 ).

  One need only reflect on the implications of plaintiffs' argument to recognize it would

lead to absurd results.  If the transferor Court would need to determine whether plaintiffs' claim

would be viable as a matter of substantive law before it could grant a transfer, it would

effectively have to hold a "mini-trial" to determine the relevant facts and apply them against the

Circuit law in the transferee forum to determine whether plaintiffs could prevail in the transferee

court.  Defendants are not aware of any practice of conducting such mini-trials in ruling on

section 1404 transfer motions, which would constitute a monumental waste of judicial resources.

Tellingly, plaintiffs cite no authority to support such a proposition.

  Moreover, <u>Gibson</u>'s putative class <u>did</u> bring their claims in this Court by first filing in

<u>Adair</u>. The <u>Gibson</u> Complaint was filed not only on behalf of the named-plaintiffs, but also on

behalf of a putative class that is substantially the same as that defined in <u>Adair</u>. <u>Compare</u> <u>Gibson</u>

Compl. ¶¶ XX - XX <u>with</u> <u>Adair</u> Third Am. Compl. ¶¶ XX-XX. Indeed, the <u>Gibson</u> Complaint

describes the efforts of the named-plaintiffs in <u>Gibson</u> and <u>Adair</u>, through their common counsel,

to bring the <u>Adair</u> putative class's claims to another Court in an effort to allow the putative class

to avoid this Court's "overt hostility or indifference." <u>See</u> <u>Gibson</u> Compl. at ¶ 4 (recounting

history of <u>Adair</u> class action and stating that this Court's treatment of the putative class "forced"

the class to file <u>Gibson</u>). Again, this argument would lead to absurd results. Under plaintiffs'

logic, members of a putative class action may abandon a court already considering their class

action and file the same class action in other courts until the class finds a court to its liking.

> **B.      A Change in Substantive Law In the Transferee Forum is A Relevant Consideration Only in Diversity Cases, Not in Federal Question Cases**

In mistaken reliance on Supreme Court precedent addressing the transfer of state law

claims, plaintiffs ask this Court to adopt a categorical (and erroneous) principle of law providing

that all plaintiffs "should retain the advantage of the laws of the forum which they have chosen,"

Motion at 29, and that "a plaintiff should not be disadvantaged by a § 1404(a) transfer," <u>id</u>.  This

principle that is flatly wrong as to federal (as opposed to state law)

claims.

As to state law claims brought in federal courts under diversity jurisdiction, the Supreme

Court has clearly held that the state law of the transferor forum should apply in the transferee

court.  <u>Ferens v. John Deere Co.</u>, 494 U.S. 516, 523 (1990); <u>Van Dusen v. Barrack</u>, 376 U.S. 612

(1964).  In such cases, the Court has held, a section 1404 transfer will not affect substantive law,

but is intended "simply to authorize a change of courtrooms."  <u>Id</u>. at 637.  But in so ruling, the

Court established the fundamental principle, directly relevant here, that "the decision to transfer

venue under § 1404(a) should turn on considerations of convenience and the interest of justice

rather than on the possible prejudice resulting from a change of law."  <u>Ferens</u>, 494 U.S. at 523.

However, the basic principle yields a different result when a <u>federal law claim</u> is being

transferred.  In this Circuit, and at least three other circuits, "the transferee court [should] be free

to decide a federal claim in the manner it views as correct without deferring to the interpretation

of the transferor circuit." In re Korean Air Lines Disaster of September 1, 1983, 829 F.2d 1171,

1174 (D.C. Cir. 1987). See also Murphy v. FDIC, 208 F.3d 959, 964-66 (11th Cir. 2000) (citing

other circuit authority). Thus, transfer can be proper even if its effect is to require the plaintiff in

a federal question case to litigate in a circuit with less favorable substantive law. "The point has

been cogently made that venue provisions are designed with geographical convenience in mind,

and not to 'guarantee that the plaintiff will be able to select the law that will govern the case.'"

Korean Airlines, supra, 829 F.2d at 1175, quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257

n. 24 (1981). The Korean Air Lines Court held that the defendant was entitled to avail itself of

favorable D.C. Circuit law on the limitation on damages provided in the Warsaw convention,

notwithstanding that the federal law in the transferor forum (the Second Circuit) was more

favorable to the plaintiffs. Id. at 1176.

　　　　Plaintiffs' Motion belatedly addresses the In Re Korean Air Lines precedent for federal

question claims, Motion at 30, (after arguing for a categorical rule based on the Supreme Court's

diversity precedents), but then effectively invites the Court to ignore it as a "fiction" that should

not trump the "[i]mportance of [v]indicating Constitutional [v]iolations." Id. But since it is

well-settled that the transfer of a federal question case can result in a change of substantive law,

there simply cannot be any manifest injustice in applying D.C. Circuit precedent to plaintiffs'

claims in this action after transfer. Plaintiffs argument is, in essence, that since Establishment

Clause claims are carefully evaluated by courts, plaintiffs deserve to win on their Establishment

Clause claims and any rule that interferes with such an outcome should be disregarded. Id at 32-

33. Not surprisingly, they cite no authority for this extraordinary proposition.

　　　　Thus, when ruling on motions to transfer under section 1404, federal courts do not give

any consideration as to whether there might be differences in substantive federal law between the transferor and transferee forums.

    **4.**    **There is No Constitutional Problem in Applying Settled Law of the Case and Transfer Principles to Plaintiffs' Motion**

Finally, plaintiffs conclude with the dual argument that unless they are guaranteed favorable circuit precedent that will allow them to win their case, they will have been deprived of the equal protection of the laws required by the Due Process Clause, Motion at 41-43, as well as of their right to petition for redress of grievances under the First Amendment, id. at 43-45. Needless to say, the Constitution does not guarantee victory to every plaintiff who alleges a constitutional violation; it merely assures citizens of "a reasonably adequate opportunity to present claims and have then decided on the merits." Bounds v. Smith, 430 U.S. 817, 825 (1977). Certainly the plaintiffs here are not contending that the plaintiffs in CFGC/Adair (represented by the same counsel), have been deprived of a fair opportunity to present their claims, both in this court and the Court of Appeals. That opportunity is all that the constitution requires.

## CONCLUSION

Accordingly, the Court should deny plaintiffs' motion to transfer this case back to the

Northern District of Florida.


Dated: March 29, 2007                          Respectfully submitted,

                                               PETER D. KEISLER
                                               Assistant Attorney General

                                               KENNETH WAINSTEIN
                                               United States Attorney


                                               VINCENT M. GARVEY
                                               Deputy Branch Director

                                                  /s/ Daniel Bensing
Of Counsel:                                    DANIEL BENSING
Lieutenant Commander James A. Ouellette, Jr.
Lieutenant Commander Thomas F. Leary           Trial Attorney
Office of the Judge Advocate General           Federal Programs Branch, Civil Division
Department of the Navy                         U.S. Department of Justice
Washington Navy Yard, Bldg. 33                 P.O. Box 883
1322 Patterson Ave., S.E., Suite 3000          20 Massachusetts Ave., N.W., Room 6114

Washington, D.C.  30274-5066                   Washington, D.C. 20044
                                               Telephone: (202) 305-0693

                                               Attorneys for Defendants

11

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on March 29, 2007, I served the foregoing Opposition to Plaintiffs' Motion for an Order Transferring This Case to the Northern District of Florida by regular mail addressed to the following counsel for Plaintiffs:


     Arthur A. Schulcz, Sr.
     2521 Drexel Street
     Vienna, Va. 22180


          ___/s Daniel Bensing_____
          DANIEL BENSING

Case 1:06-cv-01696-RMU    Document 8-2    Filed 03/29/2007    Page 1 of 6
Case 3:06-cv-00187-MCR-MD    Document 33    Filed 08/17/2006    Page 1 of 6

Page 1 of 6

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

DAVID L. GIBSON, et al.,

      Plaintiffs,

v.                             Case No. 3:06cv187/MCR

UNITED STATES NAVY, et al.,

      Defendants.

_____/

### O R D E R

This cause is before the court on the "Renewed Motion to Transfer to the District Court for the District of Columbia Pursuant to 28 U.S.C. § 1404" filed by defendants. (Doc. 16, memorandum at doc. 17).  Plaintiffs filed a responsive memorandum in opposition (doc. 19), to which defendants have replied with leave of court (doc. 23). For the reasons stated below the court GRANTS defendants' motion to transfer.

### Background

In their complaint plaintiffs in part describe this case as "a federal class action [brought] by non-liturgical Christian Navy chaplains challenging religious discrimination and violations of the First and Fifth Amendment and the Religious Freedom Restoration Act ("RFRA") in the U.S. Navy Chaplains Corps (the "CHC") promotion, accession, assignment, retention and separation systems and decision making processes"; they also assert "an as applied constitutional challenge to 10 U.S.C. § 612." (Doc. 1, ¶¶ 1, 2).  The complaint names forty-one individual plaintiffs and one organizational plaintiff; defendants are the United States Navy and the Secretary of the Navy.  Jurisdiction is alleged to be conferred

Case 1:06-cv-01696-RMU    Document 8-2    Filed 03/29/2007    Page 2 of 6
Case 3:06-cv-00187-MCR-MD    Document 33    Filed 08/17/2006    Page 2 of 6

Page 2 of 6

by 28 U.S.C. §§ 1331, 1343, and 1346; 5 U.S.C. § 702; and 42 U.S.C. § 2000-bb.  The one hundred-forty two page complaint contains fifteen counts, including claims of federal constitutional and statutory violations, fraudulent concealment of evidence, illegal retaliation and cover-up, and constructive discharge.  As redress, plaintiffs seek extensive declaratory and injunctive relief, as well as attorneys' fees, costs, and expenses.

In their motion to transfer defendants point to two consolidated cases which are pending in the United States District Court for the District of Columbia ("D.C. district court"), Chaplaincy of Full Gospel Churches v. Johnson, Case No. 99-2945, and Adair v. Danzig, Case No. 00-566 ("CFGC/Adair cases").[1]  Defendants contend that the claims in these two cases, which are before the Honorable Ricardo Urbina and have been litigated for approximately five years, are nearly identical to those brought the instant case.  According to defendants, plaintiffs in the CFGC/Adair cases "recently suffered several tactical defeats," following which they sought Judge Urbina's reassignment from the cases.  The D.C. Circuit denied this request on April 20, 2006; just eight days later, on April 28, 2006, plaintiffs filed this action. The next week, on May 5, 2006, plaintiffs moved for and obtained decertification of the class in Adair, the case in which Judge Urbina had granted the plaintiffs' motion to certify a class but in which a class had not yet been defined. Defendants argue that in light of this history plaintiffs' action of filing the instant case in this district amounts to a "transparent exercise in forum shopping."  In the interest of justice, including enforcing the prohibition against duplicative litigation and promoting judicial economy, defendants submit that the instant matter should be transferred to the D.C. district court for further proceedings pursuant to 28 U.S.C. § 1404(a).

In opposition, plaintiffs argue that defendants' motion is "misleading, omits critical information and fails to meet 28 U.S.C. 1404(a)'s transfer criteria" and in fact is "an attempt to subvert the purposes of justice . . . ." (Doc. 19 at 7). Plaintiffs complain that, contrary to defendants' representations, they are not part of any other chaplain litigation; that the D.C. district court has rejected their efforts to join the CFGC/Adair cases; that the D.C. district court has "denied subject matter jurisdiction" over their constitutional claims (which, in any

---

[1] Defendants state that the cases have been consolidated for purposes of preliminary motions, case management, and discovery.  A complete discussion of the extensive and complicated procedural history of these cases, including appellate history, may be found in defendants' motion.

Case 1:06-cv-01696-RMU    Document 8-2    Filed 03/29/2007    Page 3 of 6
Case 3:06-cv-00187-MCR-MD    Document 33    Filed 08/17/2006    Page 3 of 6

Page 3 of 6

event, are not "nearly identical" to the claims in the instant case); and that defendants have not informed this court of the significant differences between the law of the Eleventh Circuit and that of the District of Columbia (particularly regarding discovery, the review of denominational preference claims under a strict scrutiny standard, and the strict observance of Supreme Court precedent which holds that violations of the First Amendment even for brief periods constitutes irreparable injury) or that the application of the former would severely prejudice plaintiffs' case. According to plaintiffs, they do not have a right to bring all of their claims in the District of Columbia because Judge Urbina has already dismissed similar claims in the litigation before him, and the law of the District of Columbia bars certain other claims. In addition, transfer would not be in the interest of justice because, due to differences in the substantive law between the Eleventh Circuit and the District of Columbia Circuit, plaintiffs would be unable to obtain a decision on the merits of their case in the District of Columbia. Inter alia, plaintiffs also submit that retention of the instant case in a district which will hear its claims rather than transfer it to a district which will not serves the interest of justice, that they have properly sought judicial relief in this court, and that defendants' argument that the filing of multiple civil actions constitutes harassment and an "'uninvited intrusion into military affairs'" is specious.

Defendants reply that plaintiffs have failed to counter the argument that, where two courts are presented with virtually the same claims between the same parties, the interest of justice is furthered by having only the court initially seized of the controversy decide the case. They also argue that both this case and Adair are pled as putative class actions and thus, if certification is granted in either case, the plaintiffs in both actions would be members of the class; moreover, the putative class is represented by the same counsel and is advancing claims which are nearly the same. Defendants also submit that because venue and subject matter jurisdiction are proper in the D.C. district court plaintiffs' action could have been brought there; that there may be differences in substantive law between the transferee and transferor courts is irrelevant to the § 1404(a) analysis. Further, according to defendants, plaintiffs are incorrect in stating that the CFGC/Adair court "denied subject matter jurisdiction" over their constitutional claims; rather, the dismissal was for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Additionally, defendants contend that plaintiffs' choice of forum need not be given great weight because few of the

Case 1:06-cv-01696-RMU     Document 8-2     Filed 03/29/2007     Page 4 of 6
Case 3:06-cv-00187-MCR-MD     Document 33     Filed 08/17/2006     Page 4 of 6

Page 4 of 6

forty-one individual plaintiffs in this case reside in this judicial circuit and few of the crucial operative events occurred here; also, on appeal the D.C. Circuit did not hold that plaintiffs' claims are precluded but rather that certain information was privileged and not subject to discovery. Finally, defendants note that plaintiffs' stated reasons for seeking to proceed in this district, i.e., certain differences in the substantive law which may favor their claims and the perception that the district court's rulings possibly evince prejudice or hostility towards them, constitutes impermissible forum shopping.

**Discussion**

Pursuant to § 1404(a), for the convenience of the parties and witnesses, in the interest of justice the district court may transfer a civil action to any other district where the action might have been brought. 28 U.S.C. § 1404(a); see generally Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (holding that the purpose of Section 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense") (citations omitted); Brown v. Conn. Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991). In addressing these factors the court should consider such matters as the plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, location of relative documents, the public interest, and any other practical problems that make trial of the case easy, expeditious, and inexpensive. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); see also Miot v. Kechijian, 830 F.Supp. 1460, 1465-66 (S.D.Fla. 1993); Meterlogic, Inc., v. Copier Solutions, Inc., 185 F.Supp.2d 1292 , 1300 (S.D. Fla. 2002). The moving party bears the burden of establishing that the balance of § 1404(a) interests favors the transfer. The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." Roofing & Sheeting Metal Services v. La Quinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982).

This court first considers whether the instant action might have been brought in the District of Columbia. If a plaintiff would have had a right to bring suit in the proposed transferee district at the commencement of the action, "independently of the wishes of [the] defendant," then the transferee district is a district where the action "might have been brought." Hoffman v. Blaski, 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Case 1:06-cv-01696-RMU     Document 8-2     Filed 03/29/2007     Page 5 of 6
Case 3:06-cv-00187-MCR-MD     Document 33     Filed 08/17/2006     Page 5 of 6

Page 5 of  6

Accordingly, to prevail on a motion to transfer venue under § 1404(a), the moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would all have been proper in the proposed transferee district. Id. at 343-44. In this case, there appears to be no question that venue is proper in the D.C. district court and that principles regarding personal jurisdiction have no applicability with respect to these federal defendants.  As to the issue whether subject matter jurisdiction would lie in the proposed transferee district, upon review of plaintiffs' claims it is readily apparent to this court that it would.

The court next considers whether the proposed transfer would be for the convenience of the parties and witnesses and would be in the interest of justice. Essentially for the reasons offered by defendants in their motion and reply, the court concludes that transfer to the D.C. district court would further both aims.  It is true that a plaintiff's choice of forum should not be disturbed unless its choice is clearly outweighed by other considerations. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). As here, however, a plaintiff's choice of forum may properly be accorded less weight where the forum lacks any significant connection with the underlying claim or operative facts. A.J. Taft Coal Co., Inc. v. Barnhart, 291 F.Supp.2d 1290, 1310 (N.D.Ala. 2003).  It also appears that it would be, at the very least, equally convenient for witnesses, defendants, and plaintiffs – the majority of whom are scattered around the United States and only one of whom appears to reside in the Northern District of Florida  – to litigate this case in the Washington, D.C., area as opposed to the Pensacola, Florida, area. With respect to access to sources of proof and the location of documents, it should also be equally – if not more – convenient for the parties to litigate in that forum rather than the instant one. The court also concludes that the public interest favors transferring the case to the D.C. district court.  Although "[t]here is a local interest in having localized controversies decided at home," Gulf Oil Corp., 330 U.S. at 509, this case has virtually no local connection.  Finally, and perhaps most importantly, the court finds that the dual interests of judicial efficiency and economy would be advanced through transfer to the D.C. district court.[2]

_____

[2]  The court rejects plaintiffs' argument that transfer would be contrary to the interest of justice because prejudice would accrue to them from the application of D.C. Circuit law.  As the Eleventh Circuit

Case No. 3:06cv187/MCR

Case 1:06-cv-01696-RMU    Document 8-2    Filed 03/29/2007    Page 6 of 6
Case 3:06-cv-00187-MCR-MD    Document 33    Filed 08/17/2006    Page 6 of 6

Page 6 of 6

As set forth above, the court concludes that this action might have been brought in the D.C. district court and that defendants have met their burden of showing that the balance of § 1404(a) interests favors transfer to that forum.  Accordingly, for the convenience of the parties and witnesses, in the interest of justice, this case shall be transferred to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a).

Accordingly, it is ORDERED:

1.    Defendants' "Renewed Motion to Transfer to the District Court for the District of Columbia Pursuant to 28 U.S.C. § 1404" (doc. 16) is GRANTED.

2.    The clerk shall transfer this case to the United States District Court for the District of Columbia.

DONE AND ORDERED this 17th day of August, 2006.


s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

has held that it is appropriate for the transferee court to apply its own interpretation of federal law, see Murphy v. F.D.I.C., 208 F.3d 959, 964 (11th Cir. 2000), the court cannot conclude that unfair prejudice would result from the D.C. district court's proper application of the law of its circuit.

As a final matter, the court notes its view that refusing to transfer this case to the D.C. district court would constitute condoning conduct by plaintiffs that is tantamount to impermissible forum shopping. Such action by the court clearly would not be a proper exercise of its discretion.

Case No. 3:06cv187/MCR